IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BURNICE TAFT DREDING, JR.,  :
                            :
    Petitioner.            :
                            :
vs.                         :   CIVIL ACTION 10-0525-KD-M
                            :
DEBORAH TONEY,              :
                            :
    Respondent.            :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and that this action be dismissed.

Petitioner was convicted of criminally negligent homicide and leaving the scene of an accident in the Circuit Court of Mobile County on April 8, 2009 for which he received concurrent terms of split sentences of ten years each, with three years to be served, in the state penitentiary (Doc. 1, p. 2; *cf.* Doc. 16, pp. 1-2). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 16,

Exhibit C). Petitioner filed a complaint with this Court on September 22, 2010, raising the following claims: (1) There was insufficient evidence to establish the crimes for which he was convicted; (2) the trial court was without jurisdiction to sentence him; and (3) Petitioner received ineffective assistance of counsel (Docs. 1-2, 9, 12).[1]

Respondent has answered the Complaint, asserting that Dreding is procedurally defaulted on all of the claims raised in this action because Petitioner did not pursue any claim to full review by the Alabama Supreme Court (Doc. 16). The Court notes that Petitioner did not seek rehearing of the dismissal of his appeal by the Alabama Court of Criminal Appeals or *certiorari* in the Alabama Supreme Court (Docs. 1, p. 3). Furthermore, Petitioner did not appeal the denial of the dismissal of his Rule 32 petition to the Alabama Court of Criminal Appeals (*see* Doc. 16, p. 3).

Alabama law clearly provided Petitioner the opportunity to seek review of the dismissal of his appeal by the Alabama Court of Criminal Appeals, following the denial of a motion for rehearing by the same Court, by way of *certiorari* to the Alabama

---

[1]Petitioner has also requested help in getting back certain personal items which were taken from him by prison authorities (Doc. 11). As that request is not appropriate to a § 2254 action, Petitioner will have to file a separate action in State Court or under

Supreme Court.  Ala.R.App.P. 39(a)(1).  Furthermore, Alabama law allows for appeal of the denial of a Rule 32 petition. Ala.R.App.P. 3(a)(2).  Because Petitioner did not pursue his claims in a timely fashion before Alabama's appellate courts, the claims are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  The Court finds that Petitioner's claims are all procedurally defaulted.

Therefore, based on the evidence of record, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, Deborah Toney, and against Petitioner Burnice Taft Dreding, Jr.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v.*

---

42 U.S.C. § 1983.

*Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 17th day of February, 2011.

> s/BERT. W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE