IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BURNICE TAFT DREDING, JR.,        :

    Petitioner,                    :

vs.                                :     CIVIL ACTION 10-0525-KD-M

DEBORAH TONEY,                     :

    Respondent.                    :

## REPORT AND RECOMMENDATION

This action is before the Court on the Notice of Appeal filed by Petitioner, Burnice Taft Dreding, Jr. (Doc. 28), a Motion for Leave to Appeal in Forma Pauperis with Prisoner Account Statement (Doc. 31) and a Motion for Certificate of Appealability (Doc. 33), which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3).

Petitioner must first obtain a certificate of appealability to appeal the District Court's final Order in a proceeding brought pursuant to 28 U.S.C. § 2254. *See*, 28 U.S.C. § 2253(c)(1)(A); Fed.R.App.P. 22(b). However, such a certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has found that Dreding has procedurally defaulted on all of the claims raised in this action because he did not pursue his federal claims in a timely fashion before

Alabama's appellate courts (Doc. 24). Petitioner has not identified any specific issue or issues that satisfy the "substantial showing" requirement but has simply restated his previous arguments contesting his conviction in state court. While this alone appears to be sufficient grounds for denying his request for a certificate of appealability, the undersigned also finds after reviewing the record as a whole that Petitioner has not made a substantial showing of the denial of a constitutional right. The arguments set out in the pending motion are a rehash of arguments previously considered by this Court. Consequently, Petitioner's motion for a certificate of appealability is due to be denied.

To the extent the Petitioner seeks to proceed *in forma pauperis* on appeal, the undersigned recommends that the request be denied. A party may not appeal *in forma pauperis* unless the district court also certifies that the appeal is taken in good faith. 28 U.S.C. § 1915 (a). The test for whether an appeal is taken in good faith is whether the Petitioner seeks appellate review of any issue that is not frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *Clements v. Wainwright*, 648 F.2d 979, 981 (5th Cir. 1981). For the reasons stated in the Report and Recommendation (Doc. 22), adopted by the District Court in its Order dated March 2, 2011 (Doc. 24), Petitioner's contention that his claim is cognizable under 28

U.S.C. § 2254 is without merit and plainly frivolous. See, 28 U.S.C. § 1915(e)(2)(B); Fed.R.App.P. 24(a)(3). Petitioner's request to proceed *in forma pauperis* is, therefore, due to be denied.

In conclusion, it is recommended that Petitioner's Motion for Certificate of Appealability and Motion for Leave to Appeal in Forma Pauperis be denied and that the District Judge certify in writing that Petitioner's appeal is frivolous and not taken in good faith. Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636 (b)(3), Petitioner does not have the opportunity to file an objection. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the District Judge without the necessity of a waiting period.

DONE this 6th day of June, 2011.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE